UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH MARTIN,<br><br>    Plaintiff,<br>v.<br>CHARLES DANIELS, et al.,<br><br>    Defendants. | Case No. 3:22-cv-00491-ART-CLB<br><br>ORDER |

I.  **DISCUSSION**

On January 12, 2023, this Court issued a screening order permitting Plaintiff's ADA and Eighth Amendment excessive force claims to proceed against various Defendants. (ECF No. 7 at 9.) The screening order also granted Plaintiff's motion for appointment of counsel and referred the case to the Pro Bono Program for appointment of counsel "for all purposes through the conclusion of trial, if possible; or for the limited purpose of assisting Plaintiff with mediation." (*Id.* at 7-8). The Court noted that, if counsel was not appointed within 90 days, any party could move to hold a status conference to address the matter of securing counsel. (*Id.* at 9). The Court also stayed the case for 120 days and referred the case to the Inmate Early Mediation Program. (*Id.*)

It has been over 120 days and counsel has not been appointed, there has been no inmate mediation, and no party moved for a status conference. After conferring with the Pro Bono Program Coordinator, the Court has learned that there are no attorneys willing to take this case pro bono at this stage of the litigation. Although a pro bono attorney may have been helpful at the mediation stage, the Court recognizes that the Inmate Early Mediation Program occurs prior to service and is an opportunity for the parties to settle their dispute before the Court assesses the filing fee, an answer is filed, and the discovery process begins. Thus, under the Court's inherent power to control its docket, this case will proceed to mediation without the appointment of pro bono counsel. *Ready*

*Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). If the parties do not settle at the inmate early mediation, this case will proceed onto the normal litigation track. If this case proceeds onto the normal litigation track, Plaintiff may renew his motion for appointment of counsel if he can demonstrate exceptional circumstances at that time.

**II.    CONCLUSION**

It is therefore ordered that this case is stayed for another 60 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 60-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.

This case is referred to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 60 days from the date this order is entered, the Office of the Attorney General will file a status report regarding the results of the 60-day stay, even if a stipulation for dismissal is entered prior to the end of the 60-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* for prisoners (ECF No. 4) is denied as moot because he is no longer incarcerated.

It is further ordered that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that within 60 days of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $402.

It is further ordered that, if Plaintiff fails to timely file an application to proceed *in forma pauperis* for a non-inmate or pay the full filing fee, this case will be subject to dismissal without prejudice.

DATED THIS 17th day of May 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE